(No. 1176—)

MARX & HASS CLOTHING COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 6, 1933.*

WARREN H. ORR AND JOHN D. WHEELOCK, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

This claim is for the refund of $1,000.00 franchise taxes alleged to have been paid under the provisions of sections 107 of an Act in relation to corporations for pecuniary profit, approved June 20, 1919. This sum, it is alleged, was paid as follows: $200.00 in the year 1922, $200.00 in the year 1923, $200.00 in the year 1924, $200.00 in the year 1925, and $200.00 in the year 1926, said sums being in payment of the franchise taxes assessed against by the Secretary of State for those years, respectively. It is also alleged that after the payment of these taxes and before the filing of this claim said Section 107 was found and declared to be unconstitutional by the Supreme Court of Illinois, and that in equity and good conscience the State should refund to claimant the amounts as paid by it. There is no allegation in the declaration that the taxes were paid under protest or duress. So far as the declaration shows the taxes were all voluntarily paid. The State has filed a demurrer to the declaration.

It has long been the settled law that taxes voluntarily paid cannot be recovered back in the absence of a statute providing for such recovery. (*Oppenheimer & Co.* vs. *State,* 6 Ct. Cl. 465; *Richardson Lubricating Co.* vs. *Kinney,* 337 Ill. 122.) The fact that the law under which the taxes were collected was later held to be unconstitutional gives claimant no right to have them refunded. It was under no obligation to pay the taxes if they were illegal. Claimant is presumed to have known the law, and if it paid the taxes is the belief the law under which they were assessed was valid it cannot now assign its mistake as a reason for having them refunded. (*Oakford & Fahnestock* vs. *State,* 6 Ct. Cl. 439, and cases there cited. See also *Western Electric Co. Inc.* vs. *State,* 6 Ct. Cl. 414.) As the declaration wholly fails to state a cause of action against the State the demurrer must be sustained.

It is therefore ordered that the demurrer be and the same is sustained. As the admitted facts show claimant is not entitled to any award the claim is denied and the case dismissed.